# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF

v.                      No. 4:23-cr-95-DPM

JOSEPH LEMOINE and RAY THOMAS, JR.          DEFENDANTS

## ORDER

Ray Thomas, Jr. walked out of a motel room on a cloudy afternoon in December 2022. Officers from the North Little Rock Police Department were waiting for him. They had Thomas under surveillance because they suspected that he was selling drugs. They planned to search Thomas, his car, and the motel room without a warrant because Thomas was on parole and had signed a search waiver.

What happened next is disputed. The officers say that they approached Thomas as he was getting into a black 2012 Buick Regal, announced themselves as police (they were wearing bulletproof vests with "police" across the front), and told him to exit the vehicle. They say that Thomas didn't exit and started digging around in his car. So, at that point, they pointed their guns at Thomas and demanded that he show his hands. Thomas tried to drive away, but crashed into a police cruiser that had blocked him in.

Thomas tells a different story.  He says that the officers already had their guns pointed at him as they approached.  He didn't see the police vests because the officers were behind the Buick, and he didn't hear them say that they were the police.  He admits that he tried to flee, but only because he thought he was about to be assaulted by wrongdoers, not searched by police officers.

Some of this was caught on the cruiser's dash cam.  *Defense Exhibit 3.*  But the cruiser arrived after the guns were drawn and Thomas was in the driver's seat preparing to drive away.  After the crash, an officer busted the Buick's front passenger window with a baton, pointed his gun at Thomas, and demanded that he exit the car.  Three officers handcuffed Thomas, patted him down, searched his pockets, and put him in the back of the cruiser.  Officers searched the Buick, finding two guns, drugs, and drug paraphernalia.  They also searched the motel room, but didn't find any evidence that the government intends to introduce at trial.  All of this was done without a search warrant.

\*

Thomas moves to suppress the evidence discovered in the car.  Most of the issues can be resolved without a hearing. *United States v. Mims*, 812 F.2d 1068, 1073–74 (8th Cir. 1987).

Once Thomas attempted to flee — which the dash cam shows and Thomas doesn't dispute — the officers' actions were reasonable. *United States v. Stevenson*, 66 F.4th 1143, 1146 (8th Cir. 2023).  The subsequent

search of the car also didn't violate the Fourth Amendment. Thomas doesn't dispute that the officers knew that he was a parolee with a search waiver. That waiver allowed the officers to search Thomas's car. *Samson v. California*, 547 U.S. 843, 857 (2006). The officers had probable cause to believe that the Buick was Thomas's because, before December, they had seen Thomas driving it and ran the plates, which said Thomas was the car's owner. *Doc. 106-1 at 2.** *United States v. Thabit*, 56 F.4th 1145, 1151 (8th Cir. 2023); *see also United States v. Dixon*, 137 F.4th 592, 607 (7th Cir. 2025). They didn't have to ask Thomas for permission to search. *McFerrin v. State*, 344 Ark. 671, 679, 42 S.W.3d 529, 534–35 (2001).

The only murkiness resides in what occurred before the police cruiser with the dash cam arrived. If things happened the way they were described in the incident reports, *Doc. 106-3, 106-4 & 106-5*, then the officers acted reasonably. *United States v. Johnson*, 31 F.4th 618, 623 (8th Cir. 2022). But the Court will need to hear testimony on this particular issue.

*

Due to the press of business in other criminal cases, the Court cannot hold a suppression hearing until Monday, 23 February 2026, the

---

* Thomas says in his motion that, according to the police incident report, the Buick was registered to someone else. *Doc. 102 at 2.* But the cited report, *Doc. 102-1*, doesn't say that.

- 3 -

day before Thomas is scheduled to go to trial. The parties will need time to prepare for a trial or a plea after hearing the Court's ruling. Considering Thomas's diligence, the ends of justice are better served by continuing trial. And this interest outweighs both his and the public's interest in a speedy trial. The Court therefore reschedules the trial for 21 April 2026 at 9:30 a.m. The period of delay caused by granting this continuance is excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) & (B).

The Indictment also charges Joseph Lemoine. He has been arraigned; and there has been no severance. The trial for Lemoine is therefore continued to 21 April 2026 too. As to Lemoine, the period of delay is excluded under 18 U.S.C. § 3161(h)(6).

The deadlines contained in the General Criminal Scheduling Order, *Doc. 27*, remain in effect. The suppression hearing will be set by a separate notice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

30 December 2025